IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FIRST HORIZON BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-00702 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| PREMIER HOLDINGS, LLC, | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Premier Holdings, LLC's ("Premier") Motion to Dismiss For Improper Venue or, in the alternative, to Transfer Venue. (Doc. No. 14). Plaintiff First Horizon Bank ("First Horizon") filed a response in opposition (Doc. No. 16), and Premier filed a reply (Doc. No. 18). For the reasons set forth below, the Court will reserve ruling on the motion (Doc. No. 14) until after the parties have filed supplemental briefs on the issues addressed below.

### I.     FACTUAL BACKGROUND

First Horizon provided construction financing to Premier for the construction of a Burger King restaurant in Montgomery, Alabama, which consisted of one loan to finance the purchase of the leasehold interest and the construction of the restaurant building (the "Montgomery Loan"). (Compl. ¶ 5).

First Horizon also provided purchase money financing to Premier for the construction of a Burger King restaurant in Harpersville, Alabama, which consisted of one loan to finance the purchase of the real property and construction of the restaurant building (the "Harpersville Real Estate Loan"), and a second loan to finance the purchase of all furniture, fixtures, and equipment inside the restaurant (the "Harpersville Equipment Loan," and collectively with the Harpersville Real Estate Loan, the "Harpersville Loans"). (Compl. ¶ 12).

First Horizon contends that Premier failed to timely pay the principal and interest due on the Montgomery Loan and Harpersville Loans. (Compl. ¶ 20). First Horizon brings three breach of contract claims against Premier. Specifically, Count 1 alleges that Premier breached the Montgomery Loan agreement. (Compl. ¶¶ 6, 32–35). First Horizon alleges that the parties extended the maturity date for the Montgomery Loan through a November 14, 2022, Extension Agreement. Count 1 seeks damages for Premier's alleged breach of the "Montgomery Note", defined in the Complaint as a promissory note for $1,040,000 dated September 4, 2015. (Compl. ¶ 6). To support those allegations, First Horizon filed Exhibit A to the Complaint that consisted of a collection of documents totaling 38 pages.

Counts 2 and 3 allege that Premier breached the Harpersville Loan agreements. Count 2 seeks damages for Premier's alleged breach of the "Harpersville Real Estate Note," defined in the Complaint as a promissory note for $1,242,000 dated November 27, 2018. (Compl. ¶¶ 13, 37–40).[1] Count 3 seeks damages for Premier's alleged breach of the "Harpersville Equipment Note," defined as a promissory note for $392,500 dated November 27, 2018. (Compl. ¶ 13). To support those allegations, First Horizon filed Exhibit B to the Complaint that consisted of 193 pages. The Complaint does not direct the Court to any particular document within Exhibit B but instead leaves it to the Court to parse through 193 pages to determine the operative contract.

Premier moved to dismiss First Horizon's claims under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1391(b) on the grounds of improper venue. In the alternative, Premier requests that this Court transfer venue of this action to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1406(a).

---

[1] The Complaint also describes amendments to those loan agreements.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1391(b) Plaintiffs may bring suit in (1) "'a judicial district in which any defendant resides' if all the defendants reside in the State where the district sits"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "[i]If no district would satisfy either option, the statute provides a fallback choice: Plaintiffs may sue in 'any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.'" *Lea v. United States Dep't of Agric.*, No. 23-5169, 2024 U.S. App. LEXIS 5012, at *6-7 (6th Cir. Feb. 28, 2024).

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss the complaint for improper venue. *Canal Ins. Co. v. Schaefer*, No. 3:23-CV-01059, 2024 WL 666490, at *2 (M.D. Tenn. Feb. 16, 2024) (internal citation omitted). After a defendant challenges venue, "it is the plaintiff's burden to show that venue is proper." *Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558, 569 (M.D. Tenn. 2020) (internal citation omitted). When considering a Rule 12(b)(3) motion to dismiss for improper venue, "the court may examine facts outside of the complaint but 'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Receiver of assets of Mid-Am. Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 891 (M.D. Tenn. 2010) (internal citation omitted). "If the court finds that venue is improper, it has discretion, under 28 U.S.C. § 1406, to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(3) or transfer the case to a district where venue is proper." *Id.* (internal citation omitted).

## III.   ANALYSIS

Premier moved to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), arguing that the applicable venue statute – 28 U.S.C. §1391(b) – does not provide for venue in this Court. Putting aside the parties' various arguments, which can be addressed at a later date, First Horizon

3

bases part of its venue argument on a permissive forum-selection clause found in the Montgomery Note Extension Agreement. (Doc. No. 16 (citing Doc. No. 1–1 PageID # 38–39)). That permissive venue argument is based only on the Extensions Agreement for the Montgomery Loan.

However, venue must be established for each claim with the possibility that claims not proper in the selected venue could be considered under "the principal of pendent or ancillary venue" if they arise "out of common nucleus of operative facts." *Reilly v. Meffe*, 6 F.Supp. 3d 760, 765 (S.D. Ohio, 2014). Even though venue must be considered for each claim, the parties did not address whether any of the Harpersville Loan documents addressed venue, which is surprising given that two of First Horizon's three claims relate to the Harpersville Loans. So, the Court reviewed the 193 pages that First Horizon represented constitute the Harpersville Loan documents.

Importantly, First Horizon sues on the "Harpersville Real Estate Note", the "Harpersville Equipment Note", and "all accompanying loan documents". (Compl. ¶¶ 37, 42). The original Harpersville Loan Agreement called for all disputes to be adjudicated through arbitration and selected the AAA as the venue for arbitration. (Doc. No. 1–2, PageID # 79–80). Subsequent loan modification documents appear to have left that provision of the Loan Agreement unchanged. (*Id.* # 135–38, 145–47, 152, 154–57, 158–61). The personal guarantees for the two Harpersville Loans include a permissive venue provision in favor of venue in Alabama. (*Id.* # 216, 230).

First Horizon inexplicably failed to acknowledge to this Court the arbitration provision contained in the Harpersville Loan agreement, nor did it acknowledge the permissive Alabama forum-selection clause found in the two personal guarantees, which are described in the Complaint (Compl. ¶15) and were included in the loans on which First Horizon sued in Counts 2 and 3. (Compl. ¶¶ 37, 42).

Given that the Court must assess venue for each claim and First Horizon argued extensively that the permissive forum-selection clause in the Montgomery Loan Extension Agreement evidenced Premier's consent to this venue, the Court cannot make a ruling on the pending motion to dismiss without hearing from the parties on the import of the aforementioned venue provisions in the Harpersville Loan documents.

Accordingly, within 7 days of entry of this Order, First Horizon's counsel shall file a supplemental brief that: (1) explains why counsel did not address the arbitration and forum-selection clauses in the Harpersville Loan documents, and (2) explains what, if any, impact those clauses have on the venue analysis currently before the Court. First Horizon's filing shall not exceed 10 pages. Within 7 days of the filing of First Horizon's supplemental brief, Premier may file a response not to exceed 10 pages. Finally, in their respective upcoming filings, both parties shall address whether a transfer of this case to the United States District Court for the Middle District of Alabama is appropriate under the doctrine of *forum non conveniens*.

### IV.    CONCLUSION

The Court will reserve ruling on Premier's motion to dismiss (Doc. No. 14) until after the parties have filed their supplemental briefs.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE